The Supreme Court of the United States, in deciding the demurrer in the original bill, held that, after the sale of the estate under the confiscation proceedings, Wallach had no longer any interest or ownership in the land which he could convey by deed to another, and no power which he could exercise for the benefit of another. A statement and decision of the case will be found in 2 Otto, 202. The demurrer was therefore overruled, and the case came back to this court for further proceedings. Van Riswick then filed this answer to the original bill, and on the same day, to wit, May 24, 1876, upon leave being granted for that purpose, filed a cross-bill asking for affirmative relief. Exceptions were interposed to the answer and a demurrer to the cross-bill. As they both set forth substantially the same facts, it is proposed only to state the determination of the court upon the issue raised by the demurrer to the cross-bill. The matters of fact set forth in the last-named pleading are, that Wallach, at the time of his death, which occurred February 3, 1872, was indebted to Van Riswick in an amount exceeding $12,000 on various accounts, and that an account was stated between them at the time the deed was executed in settlement of said indebtedness, and which deed has been declared of no effect, as aforesaid, by the Supreme Court; that said indebtedness occurred previous to any act for which the property was confiscated; that the relation of client and attorney existed between them, and owing to said confidential relation Van *169 Riswick was persuaded by Wallach, who was a lawyer, that the conveyance would operate to pass the reversion in fee-simple, and that he was not aware that this was a misapprehension until the decision rendered upon the demurrer to the original bill by the Supreme Court of the United States, in February, 1876, and that no part of said indebtedness has ever been otherwise paid to him; that after the purchase by Yan Riswick at the confiscation sale, and, indeed, ever since the conveyance by Wallach as aforesaid, the said Yan Riswick has made extensive repairs and improvements upon the property in good faith, and in a full belief of his title, and that the conveyance was binding upon the heirs of the said Wallach; that there is no personal estate of the said Charles S. Wallach to constitute a primary fund for the satisfaction of any part of said indebtedness, and that the real estate aforesaid constitutes the only fund for the satisfaction of creditors, and that the said complainants, as heirs at law of Charles S. Wallach, are chargeable to the extent of the real assets in hand for the indebtedness of their ancestor. The cross-bill concludes with a prayer for an accounting and for the appointment of a receiver of the rents and profits. The bill covers these facts in considerable detail, which it is deemed unnecessary to repeat in this abstract. Upon the demurrer to his cross-bill the counsel for the heirs contended that they took the estate free from the demands of the creditors of the ancestor, unless secured by pre-existing liens upon the property. The court, however, were of opinion that they took as heirs, and subject to the debts which their ancestor had created previous to the act for which the estate was confiscated. The exceptions to the answer and the demurrer to the cross-bill were therefore overruled.
Albert Pike, Robert W. Johnson, and Luther S. Pike, for the heirs of Wallach.
Durant & Somor and Lambert & Darlington, with whom was R. T. Merrick, for Yan Riswick.
Decree accordingly.